IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :        CASE NO. 5:13-bk-06352-RNO
JAMES PETER SOBOL                         :
                                          :        CHAPTER 7
                               Debtor     :
*********************************** : ***********************************
                                          :
RICHARD SYMONIES                          :
                                          :
                               Plaintiff  :
                                          :
              v.                          :
                                          :
JAMES PETER SOBOL                         :
                                          :
                               Defendant  :        ADVERSARY NO. 5:15-ap-00030-RNO

**OPINION**[1]

Pending before the Court is a Motion to Dismiss Plaintiff's Amended Complaint.

Defendant's, James Peter Sobol ("Sobol"), Motion to Dismiss was filed on October 16, 2015

("Motion"). For the reasons stated below, the Motion is granted in part and denied in part.

**I.      Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This

is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

**II.     Facts and Procedural History**

A Voluntary Petition under Chapter 7 of the Bankruptcy Code was filed on December 12,

2013, by Sobol. Chapter 7 Voluntary Petition, December 12, 2013, ECF No. 1 (hereinafter

"Petition"). Bankruptcy Schedules were filed on February 10, 2014. Schedules A through J and

Summary of Schedules, February 10, 2014, ECF No. 13 (hereinafter "Schedules"). Included on

---

[1]      Drafted with the assistance of William J. Schumacher, Law Clerk.

Schedule F (Creditors Holding Unsecured Nonpriority Claims) is an entry for Richard Symonies ("Symonies"), the Plaintiff in this Adversary Proceeding, which lists a judgment against Sobol in the amount of $285,109.48. Schedules, ECF No. 13. Symonies' has not filed a proof of claim in the underlying bankruptcy case. After a hearing held in the underlying bankruptcy case on September 10, 2015, this Court granted Sobol's motion to avoid the judicial lien held by Symonies.

The deadline to object to discharge and to file a complaint to obtain a determination of the dischargeability of any debt was originally April 8, 2014. Symonies filed six motions to extend the time to object to discharge. The final extension was granted, extending the deadline to object to discharge until March 26, 2015. The deadline to file a complaint to determine the dischargeability of any debt remained April 8, 2014.

The present Adversary Proceeding was commenced by what appeared to be a one count Complaint filed on February 18, 2015. Sobol filed a Motion to Dismiss the Complaint on March 20, 2015. After a hearing on September 10, 2015, I granted, from the bench, Sobol's Motion to Dismiss the Complaint and allowed Symonies twenty-one days to file an amended complaint. I also dismissed Kenneth Symonies, Symonies' son, who was named as a plaintiff, from the original complaint because he was not a creditor of Sobol.

Symonies filed a two count Amended Complaint on September 25, 2015 ("Amended Complaint"). Amended Complaint, September 25, 2015, ECF No. 20 (hereinafter "Amended Complaint"). Sobol filed a Motion to Dismiss the Amended Complaint on October 16, 2015. Motion to Dismiss Adversary Proceeding, October 16, 2015, ECF No. 21 (hereinafter "Motion to Dismiss"). On the same day, Sobol filed an Amended Voluntary Chapter 7 Petition to correct

2

and remove any reference to his doing business as S&S Specialized Transport, LLC ("S&S").

Count I of the Amended Complaint alleges that Symonies' claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A)[2] and (a)(4) of the Bankruptcy Code.  Amended Complaint, ¶¶ 20-29.  Essentially, Symonies alleges that under § 523(a)(2)(A) Sobol is not entitled to the discharge of Symonies' claim because, prior to the bankruptcy filing and within one year of the petition date, Sobol transferred a truck which was jointly owned with Symonies through their business, S&S, to Sobol's girlfriend's newly formed business, Cartellino Specialized Trucking, Inc.  Amended Complaint, ¶ 25.

The Amended Complaint also alleges a claim under § 523(a)(4).  Symonies asserts that prior to the bankruptcy filing, and within one year of the petition date, Sobol transferred funds from S&S's bank account to both himself and his girlfriend Renee Tagliaterra on several occasions.  This allegedly rises to the level of a debt for fraud or defalcation while acting in a fiduciary capacity with S&S.  Amended Complaint, ¶ 27.

In both instances, Symonies asserts that Sobol did not list these preferential transfers or payments on Sobol's "Statement of Financial Affairs Number 13(c) [sic]."  The Amended Complaint seeks an order declaring Sobol's obligation to Symonies in the amount of $278,489.20, plus attorney's fees to be nondischargeable under § 523(a)(2)(A) and (a)(4) of the Bankruptcy Code.  Amended Complaint, ¶¶ 20-29.

Count II of the Amended Complaint alleges that Sobol is not entitled to a discharge under § 727(a)(2)-(5) and (a)(7).  First, Symonies maintains that a discharge should be denied under

---

[2]     Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

3

§ 727(a)(2) because Sobol transferred a vehicle owned by S&S to an insider, his girlfriend Renee Tagliaterra, less than three months prior to filing for bankruptcy. Second, under § 727(a)(3), Sobol allegedly failed to provide documents in response to Symonies' discovery requests by indicating that he was unable to locate the items requested. Third, Symonies alleges that Sobol violated § 727(a)(4) by making a false oath or account of preferential transfers and payments to insiders within one year of his bankruptcy filing because there is no such information on Sobol's Schedules. Fourth, Symonies states that Sobol violated § 727(a)(5) by failing to satisfactorily explain any loss of assets or deficiency of assets to meet Sobol's liabilities. Fifth, that Sobol allegedly violated § 727(a)(7) by committing the acts detailed above for § 727(a)(2)-(5) within one year before the date of filing the Petition, concerning an insider. Again, the Amended Complaint requests that this Court enter judgment in Symonies' favor and against Sobol "in the amount of $278,489.20 in non-dischargeable debt under the Bankruptcy Code [sic]." Amended Complaint, ¶¶ 30-41.

Briefs having been submitted in support of, and in opposition to, the Motion and after a hearing held on January 28, 2016, the Motion is now ripe for decision.

## III. Discussion

### A. Standard to Decide Motions to Dismiss Under F.R.B.P. 7012(b)

The Motion to Dismiss the Amended Complaint alleges that Symonies has failed to state a claim upon which relief can be granted. Federal Rule of Bankruptcy Procedure 7012(b) incorporates, and makes applicable to bankruptcy adversary proceedings, Rules 12(b)–(i) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. The complaint must contain "a short and plain

4

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991).

The Supreme Court's language in both *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), inform our analysis at the motion-to-dismiss stage. The Court stated in *Twombly* that although detailed factual allegations are not needed in a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Two years later, the *Iqbal* Court described "facial plausibility" in this way:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted).

It is important to remember that only the alleged facts are viewed in a light most favorable to Symonies. Legal conclusions are not assumed to be correct at the motion to dismiss stage. *Id.* In *Iqbal*, Justice Kennedy wrote:

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are

5

> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement to relief.

*Id.* at 679. The United States Court of Appeals for the Third Circuit summarized the above

points:

> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a plausible
> claim for relief. In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to
> "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted).

Complaints grounded in fraud are governed by the heightened pleading requirements of

F.R.B.P. 7009, which makes applicable to adversary proceedings F.R.C.P. 9(b). The Amended

Complaint alleges fraud under § 523(a) and § 727(a), which therefore requires a heightened

pleading requirement. Fed. R. Civ. P. 9(b); *Kwasnik v. Permahos*, 2011 WL 748144, at *2

(Bankr. D. N.J. Feb. 24, 2011); *In re Glunk*, 343 B.R. 754, 757-58 (Bankr. E.D. Pa. 2006); *In re*

*Kilroy*, 354 B.R. 476, 488 (Bankr. S.D. Tex. 2006) aff'd sub nom. *Kilroy v. Guerriero*, No. 06-

3320, 2007 WL 1456006 (S.D. Tex. May 15, 2007). Federal Rule of Civil Procedure 9(b)

requires a party alleging fraud to "state with particularity the circumstances constituting fraud."

Fed. R. Civ. P. 9(b). The Third Circuit has held that when a claim "sound[s] in fraud" the

complaint requires "well-pleaded allegations of fraudulent misrepresentations or omissions." *In*

*re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 212 (3d Cir. 2002) (*citing, In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417 (3d Cir. 1997); *In re Westinghouse*

*Sec. Litig.*, 90 F.3d 696, 707 (3d Cir. 1996)).

6

When a motion to dismiss is filed, I consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D. Del., Jan. 30, 2015). Further, I may consider an indisputably authentic document the defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *also see*, *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

The Federal Rules of Evidence apply to proceedings before United States bankruptcy judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. BAP 2001). Federal Rule of Evidence 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. For example, a bankruptcy court may take judicial notice of the docket events in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D. S.C. 2008); *In re Paolino*, 1991 WL 284107, *12 n.19 (Bankr. E.D. Pa., Jan. 11, 1991).

I will take judicial notice of the dockets in Sobol's underlying Chapter 7 case and in this Adversary Proceeding. I also take judicial notice of the contents of the bankruptcy schedules and statements which are not in dispute.

**B.      Untimeliness of the Amended Complaint and New Matters Alleged**

Sobol alleges that the Amended Complaint raises new matters and claims not asserted in the original Complaint which are now untimely because "the time to file an objection to discharge expired on March 27, 2015 [sic]." Defendant's Brief in Support of Motion to Dismiss

7

Plaintiff's Amended Complaint, November 10, 2015, p. 2 n.1, ECF No. 26. Federal Rule of Bankruptcy Procedure 4004(b) governs the method of requesting an extension of time to object to discharge. Fed. R. Bankr. P. 4004. Federal Rule of Bankruptcy Procedure 4007(c) governs the deadline for commencing a complaint to determine the dischargeability of a debt. Fed. R. Bankr. P. 4007.

The deadline to file a complaint objecting to discharge was extended until March 26, 2015. Order Granting Motion to Extend Time to Object to Discharge, January 23, 2015, ECF No. 70. This was the sixth, and final, extension of time granted to extend the time to object to discharge. On the other hand, no motion to extend the time to file a complaint to obtain a determination of the dischargeability of any debt was ever filed or granted. Therefore, under F.R.B.P. 4007(c), a complaint to determine the dischargeability of a debt under § 523(c) was required to be filed no later than sixty days after the first date set for the meeting of creditors under § 341(a). This date ran on April 8, 2014.

In the Court's view, the objection to discharge was timely filed, but the nondischargeability allegation was facially untimely. However, Sobol failed to raise the affirmative defense of timeliness to the original Complaint. Such a defense is clearly waivable. *Kontrick v. Ryan*, 540 U.S. 443, 458-60, 124 S. Ct. 906, 917-18, 157 L. Ed. 2d 867 (2004); *In re Pocius*, 499 B.R. 472, 473-74 n.3 (Bankr. E.D. Pa. 2013) (recognizing that the time bar defense under F.R.B.P. 4004 is lost if not raised by the defendant); *In re Fellheimer*, 443 B.R. 355, 372 (Bankr. E.D. Pa. 2010) (noting that F.R.B.P. 4007(c) is not jurisdictional, but only claim processing rules subject to defenses of waiver, estoppel, and equitable tolling). Counsel is reminded that an objection to discharge and seeking a finding of nondischargeability in a

8

complaint are separate causes of action. They are therefore subject to separate defenses. They should be defended against accordingly.

I have determined that Sobol waived the defense of timeliness under F.R.B.P. 4007(c) to the nondischargeability count of the Amended Complaint and that the objection to discharge count was timely filed under F.R.B.P. 4004(b). I will proceed to analyze whether or not the Amended Complaint improperly included any matters or claims not asserted in the original Complaint.

I treated the original Complaint as a nondischargeability complaint at the September 10, 2015, hearing on the Motion to Dismiss the original Complaint. I based this conclusion on the language in the prayer for relief requesting that the Court "deny the discharge of the Debtor's debt to Richard Symonies and/or Kenneth Symonies." Complaint, February 18, 2015, ECF No. 1. However, the title of the Complaint and introductory clause alleged that the Complaint was brought under § 727, but not which subpart of § 727. Thus, I found that the relief Symonies was requesting involved a determination as to the dischargeability of any debt owed to Symonies under § 523(a) instead of the denial of Sobol's discharge under § 727.

Federal Rule of Bankruptcy Procedure 7015 makes applicable to adversary proceedings F.R.C.P. 15. Fed. R. Bankr. P. 7015. Federal Rule of Civil Procedure 15(c) allows, under certain circumstances, an amendment to a pleading to relate back to the date of the original pleading. Factors that a court should consider in determining whether an amendment to a pleading relates back to the date of the original pleading can be found within F.R.C.P. 15 itself. Federal Rule of Civil Procedure 15(c) states one requirement as "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be

set out—in the original pleading;. . . ." Fed. R. Civ. P. 15(c)(1)(B).  Courts typically compare the

factual allegations of the original and amended pleading to determine whether relation back is

appropriate.  *In re Mauz*, 513 B.R. 273, 276-77 (Bankr. M.D. Pa. 2014).  Leave may be denied if

the amendment pleads facts which are not within the nexus of the original pleading.  *In re*

*Biederman*, 165 B.R. 783, 789 (Bankr. D. N.J. 1994).

Here, Sobol asserts a general objection to the inclusion of any matters or claims not raised

in the original Complaint because the time to file an objection to discharge expired.  Defendant's

Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint, November 10, 2015, p. 2

n.1, ECF No. 26.  Beyond this single objection, there are no other objections to the allowance of

the Amended Complaint.  At the hearing held on January 28, 2016, Sobol did not raise the issue

of whether I should dismiss the Amended Complaint based on the relation of the amendments

back to the original Complaint or because of untimeliness.

I recognize that the Amended Complaint contains two counts compared to the original

Complaint which alleged a single count that mixed § 727(a) and § 523(a).  The original

Complaint contains eleven numbered paragraphs and the Amended Complaint contains forty-one

numbered paragraphs.  I find that the Amended Complaint, although significantly longer,

expounds upon the previously pled factual allegations in the original Complaint.  The Amended

Complaint does not raise new factual allegations different from the transactions alleged in the

original Complaint.  Therefore, Sobol was on notice of the factual allegations that Symonies

would allege in the Amended Complaint.  *See*, *e.g.*, *In re Biederman*, 165 B.R. at 792.

Federal Rule of Civil Procedure 15(c) provides that leave shall be freely given.  Thus, I

find that the Amended Complaint relates back to the same conduct and transactions alleged in the

original Complaint.

### C. Count I – Nondischargeability Under Section 523(a)

The central purpose of the Bankruptcy Code is to provide a fresh start to the honest debtor, without the burden of preexisting debt. *In re Cohen*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Marques*, 358 B.R. 188, 193 (Bankr. E.D. Pa. 2006); *In re Roemmele*, 2011 WL 4804833, at *4 (Bankr. E.D. Pa. Oct. 11, 2011). Thus, the Bankruptcy Code's exceptions to discharge of indebtedness are strictly construed against creditors and liberally construed in favor of debtors. *In re Cohen*, 54 F.3d at 1113; *In re Marques*, 358 B.R. at 193; *In re Roemmele*, 2011 WL 4804833, at *4.

Section 523(a) provides that certain debts are not dischargeable. A debt is defined in § 101(12) as a liability on a claim. Claim means a "right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A); *In re Grossman's Inc.*, 607 F.3d 114, 121 (3d Cir. 2010).

Consequently, there is a two part inquiry. First, does Symonies hold an enforceable obligation under nonbankruptcy law? Second, is the debt nondischargeable under bankruptcy law – specifically § 523(a)(2)(A) and (a)(4)? *In re Aug.*, 448 B.R. 331, 346-47 (Bankr. E.D. Pa. 2011). Without an enforceable obligation, there can be no debt under § 523(a) which can be nondischargeable. *In re Aug.*, 448 B.R. at 346-47.

### i. Enforceable Obligation Under Nonbankruptcy Law

I begin by determining whether Symonies holds an enforceable obligation under nonbankruptcy law. *In re Empresas Omajede Inc.*, 537 B.R. 63, 94 (Bankr. D. P.R. 2015).

11

Property and contract rights are determined pursuant to state law. *In re Empresas Omajede Inc.*, 537 B.R. at 94. "Until a cause of action arises under state law, a creditor does not have a 'claim' because there is no 'right to payment.'" *In re Schorr*, 299 B.R. 97, 101 (Bankr. W.D. Pa. 2003). State court final judgments are considered a debt for § 523(a) purposes. *In re Harland*, 235 B.R. 769, 781-82 (Bankr. E.D. Pa. 1999).

The debt held by Symonies is allegedly the result of a state court judgment. Amended Complaint, ¶ 18. The Amended Complaint alleges that Symonies, and not Kenneth Symonies, holds a claim against Sobol. *Id.* at ¶¶ 16-18. Kenneth Symonies is not listed in the caption of the Amended Complaint. However, he is listed as one of the "Movants and Creditors" bringing the Amended Complaint. The Amended Complaint states that Kenneth Symonies is an interested party by virtue of his relationship with his father, Symonies, and the business they operate together. Amended Complaint, ¶ 2.

*Iqbal* reminds us that the alleged facts in a complaint are viewed in the light most favorable to Symonies, the nonmoving party. *Iqbal*, 556 U.S. at 678. Legal conclusions are not assumed to be correct at the motion to dismiss stage. I note that Symonies did not attach a copy of the state court judgment against Sobol, but from the face of the Amended Complaint, only Symonies holds a claim against Sobol. The Amended Complaint states that "Richard Symonies filed a lawsuit in the Court of Common Pleas of Lackawanna County." Amended Complaint, ¶ 16. Nowhere within the four corners of the Amended Complaint does it demonstrate that Kenneth Symonies has a claim individually or otherwise against Sobol. I cannot find that the Amended Complaint demonstrates that Kenneth Symonies has standing to bring a claim against Sobol.

12

I will next determine if Symonies holds an enforceable obligation under nonbankruptcy law. The Amended Complaint does allege that a stipulation between Symonies and Sobol was approved by the Court of Common Pleas of Lackawanna County on June 20, 2012 ("Stipulation"). Amended Complaint, ¶ 17. Pursuant to the Stipulation, S&S was to be subject to valuation. *Id.* After the appraisal Symonies would be entitled to half of the appraised value of the company to be paid to him in cash. *Id.* Subsequently, Symonies alleges that on August 14, 2013, Symonies obtained a partial judgment in the amount of $278,489.20, which represents payments due under the Stipulation, plus the "Ramagosa payments made by Movant." *Id.* at ¶ 18. The Amended Complaint, when viewing the factual allegations in the light most favorable to Symonies, alleges that a state court judgment exists against Sobol. I conclude that Symonies holds a facially plausible claim for an enforceable obligation under nonbankruptcy law.

The Motion requests that I dismiss the Amended Complaint with prejudice. Motion to Dismiss Plaintiff's Amended Complaint, October 16, 2015, ECF No. 21. The Third Circuit has stated, based on Supreme Court precedent, that the grant of a motion to dismiss with prejudice must be premised on undue delay, bad faith, repeated failure to cure deficiencies by previous allowed amendments, undue prejudice to the opposing party, or futility of amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434-35. Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434-35.*

I find grounds exist for dismissal with prejudice as to Kenneth Symonies because any attempted additional amendment of the pleading which included him would be futile. Kenneth Symonies is not a creditor of Sobol. Even viewing the factual allegations in the light most

13

favorable to Kenneth Symonies, the Amended Complaint states that his only interest in the Adversary Proceeding is by reason of his relationship with his father and a separate business that he and Symonies operate together. Amended Complaint, ¶ 2. Therefore, Kenneth Symonies lacks standing to be a party to this proceeding and no statutory or case law has been provided to demonstrate otherwise. No amendment to the Amended Complaint can cure this deficiency and any further amendment to include Kenneth Symonies would again fail to state a claim upon which relief could be granted. Thus, I will dismiss with prejudice Kenneth Symonies from the Amended Complaint.

I will proceed to analyze only the claims of Symonies. I now turn to the § 523(a) nondischargeability claims.

### ii. Section 523(a)(2)(A)

Symonies' Amended Complaint included two claims under Count I – § 523(a)(2)(A) and § 523(a)(4). I will first discuss § 523(a)(2)(A).

Section 523(a)(2)(A) provides that a debt is nondischargeable when it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent **obtained by** – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . ." 11 U.S.C. § 523(a)(2)(A).

Symonies alleges that Sobol "knowingly and actively engaged in wrongful acts and deceptive practices after the Stipulation was approved." Amended Complaint, ¶ 21. The Amended Complaint alleges that Sobol made payments and transfers to insiders prior to filing his Petition, during the preference period. However, the conduct alleged by Symonies occurred **after** the Stipulation was approved.

14

The language of the statute plainly requires, as a threshold, that something of value – money, property, services, or an extension, renewal, or refinancing of credit – be transferred to Sobol from Symonies to sustain a claim under § 523(a)(2)(A). *In re Glunk*, 343 B.R. at 758. Frauds that do not involve the transfer of money, property, services, or an extension, renewal, or refinancing of credit are not included within this discharge exception. *Cohen v. de la Cruz*, 523 U.S. 213, 218-19, 118 S. Ct. 1212, 1216, 140 L. Ed. 2d 341 (1998); *In re Rountree*, 330 B.R. 166, 171 (E.D. Va. 2004) aff'd, 478 F.3d 215 (4th Cir. 2007); *In re Glunk*, 343 B.R. at 758. Symonies' Amended Complaint does not contain any allegation of specific money, property, services, or an extension, renewal, or refinancing of credit obtained by Sobol as a result of alleged misrepresentations or deceptive practices. Symonies only alleges that "after" the Stipulation was approved Sobol engaged in "wrongful acts and deceptive practices."

Under *Twombly* and *Iqbal* I am tasked by F.R.C.P. 12(b)(6) to evaluate whether or not the Amended Complaint pleads facts that allow me to draw a reasonable inference that Sobol is liable for the misconduct alleged. There must be more than the sheer possibility that Sobol acted unlawfully. Here, the Amended Complaint stops short of the line between possibility and plausibility because it does not plead any factual content that allows me to draw a reasonable inference that § 523(a)(2)(A) is applicable. Symonies alleges that the actions taken by Sobol occurred **after** the Stipulation and debt was incurred. Nowhere does the Amended Complaint allege that Symonies transferred property to Sobol based on a misrepresentation or deceptive practice.

I need not proceed past the threshold inquiry of whether or not the alleged fraud involved the transfer of money or property. Frauds which do not involve the transfer of money, property,

15

etc., are not included within this discharge exception. *Cohen v. de la Cruz*, 523 U.S. at 218-19.

The Amended Complaint is devoid of any factual allegation demonstrating that Sobol made a false representation, fraudulent admission, or performed other deceptive conduct which allowed Sobol to obtain money or property from Symonies. The allegation that Symonies' claim against Sobol should be nondischargeable "because of false pretenses, false representations and/or actual fraud committed against Movant in the fraudulent transfer of their jointly owned vehicle to Debtor/Defendant's girlfriend," without more, does not allege a plausible claim. Amended Complaint, ¶ 24. Paragraph 25 of the Amended Complaint adds no further support by alleging the transfer of a truck which was owned by their limited liability company, S&S. Amended Complaint, ¶ 25.

Viewing the facts in the light most favorable to Symonies and drawing all reasonable inferences therefrom, I am unable to draw any plausible inference that the debt owed to Symonies was obtained by Sobol through false pretenses, a false representation, or actual fraud. The main allegation under this claim is the transfer of a "jointly owned vehicle." Amended Complaint ¶ 24. The Amended Complaint does not state who owned the vehicle, when the vehicle was transferred, nor how much was received for the vehicle. Even accepting the allegation as true, nowhere within the Amended Complaint are factual allegations made that the debt owed to Symonies was obtained by false pretenses, false representation, or actual fraud. The only allegations that are made are legal conclusions that recite the statutory language of § 523(a)(2)(A) and state "[u]pon information and belief." Amended Complaint, ¶¶ 20 – 25. Finally, the "jointly owned vehicle" was stipulated at the hearing held January 28, 2016, to be the property of S&S, a separate legal entity, and not Sobol's property.

16

The Amended Complaint also fails to allege knowledge on Sobol's part of the falsity or deceptiveness of any statement or conduct, an intent by Sobol to deceive Symonies, justifiable reliance by Symonies on Sobol's statement or conduct, and that Symonies suffered a loss or damages as a proximate cause of the false representation or act.

I will dismiss with prejudice the § 523(a)(2)(A) cause of action for failure to state a plausible claim. Any additional amendment would be futile because, even viewing the factual allegations in the light most favorable to Symonies, the alleged misconduct by Sobol occurred after the debt was incurred, not when the debt was obtained, which is a prerequisite to state a plausible claim under § 523(a)(2)(A). Nor can an amendment cure the requirement that Symonies must have been the person to transfer money or property to Sobol based on a false pretense, false representation, or actual fraud. In this case, S&S, not Symonies, was the alleged transferor of the vehicle to Sobol's girlfriend.

Thus, any amendment to the Amended Complaint under § 523(a)(2)(A) would be futile.

### iii. Section 523(a)(4)

I will now discuss § 523(a)(4). Section 523(a)(4) provides that a debt is nondischargeable when it is for: (1) fraud or defalcation while acting in a fiduciary capacity; (2) embezzlement while acting in any capacity; or, (3) larceny while acting in any capacity. *See*, 11 U.S.C. § 523(a)(4); *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759-60, 185 L. Ed. 2d 922 (2013); *In re Bocchino*, 794 F.3d 376, 382 (3d Cir. 2015); *In re Aiello*, 533 B.R. 489, 500 (Bankr. W.D. Pa. 2015); *In re Pearl*, 502 B.R. 429, 440 (Bankr. E.D. Pa. 2013). Nondischargeability based on fraud or defalcation requires proof that the debtor was acting in a fiduciary capacity. On the other hand, nondischargeability based on embezzlement or larceny

17

does not. *See*, *In re Tyson*, 450 B.R. 514, 522 (Bankr. E.D. Pa.2011); *In re Hatch*, 2009 WL 3208694, at *5 (Bankr. E.D. Pa. Sept. 30, 2009). The burden is on the creditor to prove the elements of the claim by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661, 112 L. Ed. 2d 755 (1991).

Symonies' claim under § 523(a)(4) requests that I conclude that the debt be found nondischargeable because it was obtained by fraud or defalcation while acting in a fiduciary capacity with S&S. The first part of § 523(a)(4) is the "fiduciary prong." *In re Tyson*, 450 B.R. at 522; *In re Roemmele*, 2011 WL 4804833, at *4-5. I will only analyze the fiduciary prong of § 523(a)(4) because that is the only allegation under § 523(a)(4) that Symonies made within the Amended Complaint. Amended Complaint, ¶ 26-29.

To prevail under the fiduciary prong of § 523(a)(4) Symonies must prove that: (1) Sobol was acting in a fiduciary capacity; and (2) while acting in that capacity, Sobol committed fraud or defalcation. *In re Tyson*, 450 B.R. at 522; *In re Roemmele*, 2011 WL 4804833, at *4-5. Courts generally interpret "fiduciary" to mean a person in a relationship of trust or confidence that arises from an express or technical trust on behalf of the beneficiary-creditor. *In re Coley*, 433 B.R. 476, 495 (Bankr. E.D. Pa. 2010); *In re Roemmele*, 2011 WL 4804833, at *5. For a fiduciary relationship to exist under § 523(a)(4), the fiduciary duty must have arisen prior to and without regard to the wrongful behavior created by the debt. *In re Coley*, 433 B.R. at 495-96.

Once Symonies has established the threshold fiduciary relationship between himself and Sobol, Symonies must then prove that Sobol committed fraud or defalcation. *In re Roemmele*, 2011 WL 4804833, at *4-5. Within the § 523(a)(4) context, fraud involves the intentional deceit, rather than implied or constructive fraud. *In re Tyson*, 450 B.R. at 522. Defalcation requires a

showing of actual knowledge of wrongdoing by the fiduciary, or a conscious disregard to an unjustified risk that the conduct will violate a fiduciary duty. *Bullock v. BankChampaign, N.A.*, 133 S. Ct. at 1759-60; *In re Bocchino*, 794 F.3d at 382; *In re Aiello*, 533 B.R. at 500; *In re Pearl*, 502 B.R. at 440. Fraud requires a heightened pleading requirement under F.R.C.P. 9(b). Fed. R. Civ. P. 9(b); *Kwasnik v. Permahos*, 2011 WL 748144, at *2; *In re Glunk*, 343 B.R. at 757-58; *In re Kilroy*, 354 B.R. at 488.

In this case, the Amended Complaint fails to allege how Sobol was acting in a fiduciary capacity vis-à-vis Symonies. Amended Complaint, ¶ 27. Whether or not Sobol is acting in a fiduciary capacity is a legal conclusion. *Iqbal*, 556 U.S. at 679. I am not required to consider Symonies' legal conclusion that Sobol was acting in a fiduciary capacity with S&S to be accurate. Symonies' Amended Complaint states that Symonies and Sobol are each fifty percent owners of S&S, a limited liability company ("LLC"). This is contrary to the assertion that S&S is a fictitious name for Sobol.

I acknowledge that Symonies' Reply to the Motion to Dismiss the Amended Complaint alleges that when the Amended Complaint was filed, Sobol's Chapter 7 Petition was filed as James Peter Sobol, dba S&S Specialized Transport, LLC. Plaintiffs' Reply to Defendant's Motion to Dismiss Movants Amended Complaint Objecting to Discharge, December 1, 2015, ECF No. 27. Although Sobol's counsel did not correct the doing business as reference as promptly as the Court would like, counsel for Symonies did allege within the Amended Complaint that S&S is an LLC, which is a separate legal entity. Amended Complaint, ¶ 1. This fact was also stipulated to at the hearing on the Motion.

The Amended Complaint alleges that Sobol is not entitled to a discharge of Symonies'

claim because his actions prior "to the bankruptcy filing rise to the level of **fraud and/or defalcation while acting in a fiduciary capacity with S&S. . . ."** *Id.* at ¶ 27. Generally, a member of an LLC cannot pursue a claim on his or her own behalf when the LLC is the directly injured party. *Irish v. Ferguson*, 970 F. Supp. 2d 317, 348 (M.D. Pa. 2013) (holding that in a RICO context, member of an LLC filing a RICO claim on his own behalf only has derivative standing).

A member of an LLC generally only has derivative standing. *Irish v. Ferguson*, 970 F. Supp. 2d at 348; 15 Pa. Cons. Stat. § 8992. Pursuant to the committee notes of 15 Pa. Cons. Stat. § 8992, a derivative suit is not permitted unless the operating agreement provides for derivative suits. Otherwise, a single member of the LLC must first be authorized to sue by other members of the LLC. 15 Pa. Cons. Stat. § 8992, Official Committee Comments. Although Symonies is a member of S&S, similar to a shareholder of a corporation, this alone does not give Symonies the standing to sue Sobol on behalf of S&S. *See*, *e.g.*, *Kelly v. Thomas*, 234 Pa. 419, 427-28, 83 A. 307, 307-10 (1912) (relating the general rule that the right of an individual stockholder to act for the corporation to remedy a wrong done to the corporation is exceptional and usually arises after the corporation has refused to sue upon demand of the stockholder); *Burdon v. Erskine*, 264 Pa. Super. 584, 586, 401 A.2d 369, 370 (1979) (holding that sole stockholder of corporation could not bring derivative action on behalf of corporation seeking restitution since injury is too indirect); *Harbor Hosp. Servs., Inc. v. Gem Laundry Servs., L.L.C.*, 2001 WL 1808556, at *11 n. 10 (Pa. Com. Pl. July 18, 2001).

I find that no factual allegations have been pled that Symonies is permitted to bring suit on behalf of S&S within the Amended Complaint. The operating agreement of S&S was not

20

attached to either the original Complaint or the Amended Complaint to allow a determination of whether or not derivative standing is permitted under S&S's operating agreement. Further, S&S is not listed as a party to the present Adversary Proceeding. Nor does Symonies allege that Sobol was in a fiduciary relationship with Symonies himself.

Symonies has not made well pled factual allegations sufficient to establish a plausible claim for relief under § 523(a)(4). The Amended Complaint and Symonies' Reply to the Motion to Dismiss the Amended Complaint are devoid of case citations to support his position. Therefore, viewing the factual allegations in the light most favorable to Symonies, I find that Symonies does not have standing to bring a suit against Sobol for the violation of any alleged fiduciary duty to S&S.

I will not address whether or not Symonies has established fraud because he has not first established the preliminary requirement that Sobol was acting in a fiduciary capacity to Symonies.

I will dismiss with prejudice the § 523(a)(4) cause of action for failure to state a plausible claim. Any additional amendment would be futile because, even viewing the factual allegations in the light most favorable to Symonies, there is no fiduciary relationship alleged between Sobol and Symonies. Nor can an amendment cure the requirement that Symonies and Sobol are required to be in a fiduciary relationship under § 523(a)(4). In this case, S&S, not Symonies, was alleged to be in a fiduciary relationship with Sobol. Symonies has not demonstrated standing to bring suit against Sobol on behalf of S&S.

I will therefore dismiss with prejudice Symonies' § 523(a)(4) claim against Sobol.

21

### D. Count II – Objection to Discharge Under Section 727(a)(2)-(5) & (7)

Count II of the Amended Complaint alleges that Sobol violated § 727(a)(2)-(5) & (7). I will again strictly construe the exceptions to discharge against Symonies and liberally construe the language of the statute in favor of Sobol pursuant to *In re Cohen* and its progeny. *In re Cohen*, 54 F.3d at 1113; *In re Marques*, 358 B.R. at 193; *In re Roemmele*, 2011 WL 4804833, at *4. I will first analyze Symonies' claim under § 727(a)(2).

### i. Section 727(a)(2)

The relevant portion of § 727(a) reads as follows:

> (a) The court shall grant the debtor a discharge, unless –
>     (2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>         (A) **property of the debtor**, within one year before the date of the filing of the petition; or
>         (B) **property of the estate**, after the date of the filing of the petition

11 U.S.C. § 727.

Essentially, a plaintiff must establish three elements to satisfy to satisfy its burden of proof under § 727(a)(2)(A). *In re Spitko*, 357 B.R. 272, 299 (Bankr. E.D. Pa. 2006). First, the disposition of property, such as a transfer or concealment. *In re Spitko*, 357 B.R. at 299. Second, subjective intent by the debtor to hinder, delay, or defraud one or more creditors. *Id.* Third, both the disposition of property and subjective intent must have occurred within one year before the date of filing the petition. *Id.* The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *In re Lehmann*, 511 B.R. 729, 734 (Bankr. M.D. Pa. 2014).

Similar to § 727(a)(2)(A), § 727(a)(2)(B) requires that a plaintiff first establish "an act, such as the transfer or concealment of estate property." *In re Luby*, 438 B.R. 817, 828 (Bankr. E.D. Pa. 2010); *In re Finney*, 333 B.R. 242, 247 (Bankr. W.D. Pa. 2005). The transfer or concealment of estate property must occur after the petition date. 11 U.S.C. § 727(a)(2)(B); *In re Finney*, 333 B.R. at 247. Second, a plaintiff must also establish an improper intent. *In re Luby*, 438 B.R. at 828; *In re Finney*, 333 B.R. at 247.

Thus, the pertinent language of both § 727(a)(2)(A) and § 727(a)(2)(B) that informs my decision is, respectively, "property of the debtor" and "property of the estate." This is the first element of both § 727(a)(2)(A) & (B) – to demonstrate a transfer of property either of the debtor or the estate. The only relevant factual allegations that the Amended Complaint makes under Count II are, for example, that Sobol did not safeguard all assets of the estate and allowed preferential payments and transfers to be made, during the preference period, to an insider, for less than fair market value. Amended Complaint, ¶ 29. Additional allegations are made that Sobol engaged knowingly and actively in wrongful acts and deceptive practices. *See, e.g.,* Amended Complaint ¶ 31. The factual allegations within the Amended Complaint are without any factual support as to what wrongful acts and deceptive practices Sobol allegedly performed. The most specific allegation made in the § 727(a)(2)(A) & (B) claims is that Sobol, "with intent to hinder, delay, or defraud a creditor of the estate, has transferred . . . within one year of the bankruptcy filing . . . a vehicle owned by S&S to an insider, his girlfriend, Renee Tagliaterra. . . ." Amended Complaint, ¶ 33. As I noted above in my § 523(a)(4) discussion, it has been acknowledged and stipulated that S&S is a separate legal entity.

The dispositive issue here is whether the assets of S&S could plausibly be considered

"property of the debtor" or "property of the estate." Courts have focused on disposition of property in which the debtor has a "direct property interest." *In re Spitko*, 357 B.R. at 299 (*citing*, *In re Thurman*, 901 F.2d 839, 841 (10th Cir. 1990)). Section 727(a)(2)(A) & (B) do not apply when the disposition involves property belonging to another entity, even if the transfer could cause an incidental effect on the debtor's assets. *See*, *e.g.*, *In re Spitko*, 357 B.R. at 299; *In re Colodner*, 147 B.R. 90, 93 (Bankr. S.D.N.Y. 1992).

Similar to a corporation and individual debtor-shareholder, an LLC is a bona fide entity distinct from an individual debtor-member. *In re Kitchin*, 445 B.R. 472, 481 (Bankr. E.D. Pa. 2010). Pennsylvania courts recognize a strong presumption against holding shareholders of a corporation liable for obligations of the corporation. *In re Kitchin*, 445 B.R. at 481; *In re LMcD, LLC*, 405 B.R. 555, 560 (Bankr. M.D. Pa. 2009). The same presumption applies to members of an LLC. *In re Kitchin*, 445 B.R. at 481; *In re LMcD, LLC*, 405 B.R. at 560. Pennsylvania courts will only allow the presumption of legal separateness to be set aside and the "corporate veil pierced to prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat the public purpose or shield someone for liability for a crime." *In re Kitchin*, 445 B.R. at 481 (internal quotations omitted).

No factual allegations have been pled, nor is there a count within the Amended Complaint, requesting that I set aside the legal separateness of S&S. I will proceed to consider the Amended Complaint recognizing that S&S is a separate legal entity.

There are no factual allegations that **any** of the property that was allegedly transferred was owned by Sobol pre or post-Petition. Indeed, the Amended Complaint explicitly states that "as a result of Debtor's transfer of a vehicle **owned by S&S**." Amended Complaint, ¶ 33. The

24

Amended Complaint refers to property that is alleged to be owned by S&S, not Sobol individually. Further, the Amended Complaint is devoid of factual allegations that the transfers occurred after the bankruptcy petition which would be required to meet the temporal element of § 727(a)(2)(B). *See*, *e.g.*, *In re Finney*, 333 B.R. at 247. Symonies has failed to state a plausible claim that property of the debtor under § 727(a)(2)(A), or property of the estate under § 727(a)(2)(B), was transferred pre or post-Petition.

I will dismiss with prejudice Symonies' claims under § 727(a)(2)(A) & (B) for failure to state a plausible claim. Any additional amendment would be futile because, even viewing the factual allegations in the light most favorable to Symonies, the alleged misconduct by Sobol was the transfer of property owned by S&S. To state a plausible claim under § 727(a)(2)(A) & (B) the property transferred must have been Sobol's or the bankruptcy estate's. Thus, any amendment to the Amended Complaint under § 727(a)(2)(A) & (B) would be futile.

### ii. Section 727(a)(3)

The purpose of § 727(a)(3) is to provide creditors and the United States Trustee with sufficient information about the debtor's financial affairs prior to entering bankruptcy. *In re Conde*, 386 B.R. 577, 582 (Bankr. W.D. Pa. 2008) (*citing*, *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992)). A prima facie case is made under § 727(a)(3) when a party objecting to discharge demonstrates that: (1) the debtor failed to keep and preserve adequate records; and (2) this failure to maintain records makes it impossible to determine the debtor's financial condition and material business transactions. *In re Dizinno*, 532 B.R. 231, 238 (Bankr. M.D. Pa. 2015).

Generally, § 727(a)(3) is not implicated when a consumer debtor does not operate a

25

business. *In re Dizinno*, 532 B.R. at 238. A determination under § 727(a)(3) requires the court to look at all of the circumstances and evaluate everything on a "case-by-case basis." *In re Conde*, 386 B.R. at 582. The inquiry starts with what a reasonable person would do in similar circumstances. *Meridian Bank v. Alten*, 958 F.2d at 1231. A court should look at the sophistication, education, and experience of the debtor. *Id.* Education plays an important factor because a debtor with a limited education is not held to the same standard as a sophisticated business person. *In re Dizinno*, 532 B.R. at 238.

In this case, during the January 28, 2016, hearing on the Motion, the parties stipulated to Sobol having no education beyond high school. It was also stipulated to that he works as a truck driver or auto mechanic. The Amended Complaint does not make any allegations as to Sobol's education or sophistication as a business person.

Indeed, the only allegation as to Sobol individually is that Sobol did not provide Symonies copies of his 2012 tax return with proof of a filed extension request for 2013. Amended Complaint, ¶ 35. Otherwise, all other allegations under the § 727(a)(3) claim relate to S&S's failure to keep adequate documentation.

I distinguish this case from *In re Adalian* because in that case the debtor failed to file tax returns for more than ten years. *In re Adalian*, 474 B.R. 150, 164 (Bankr. M.D. Pa. 2012). Here, the Amended Complaint alleges that Sobol failed to provide a copy of one year's tax return, 2012, and the proof of extension request for 2013. Amended Complaint, ¶ 35. Further, no motions to compel discovery have been filed to date either in the underlying bankruptcy case or in this adversary proceeding.

Section 727(a)(3) requires the debtor to produce records which provide creditors or a

26

Chapter 7 trustee with "enough information" to determine the debtor's financial condition with reasonable accuracy and completeness for a "reasonable period past to present." *In re Carmell*, 424 B.R. 401, 417 (Bankr. N.D. Ill. 2010) (internal quotations omitted). Further, a debtor's records need not be perfect, but enough so that courts and creditors do not need to speculate as to the financial history of the debtor. *In re Carmell*, 424 B.R. at 417. I find *In re Carmell* persuasive.

In this case the Amended Complaint only alleges that Sobol failed to provide copies of his 2012 tax return with proof of an extension request for 2013. I remind the parties that I will strictly construe Symonies' objection to discharge against him and liberally construe it in favor of Sobol. *In re Cohen*, 54 F.3d at 1113. I cannot find that the Amended Complaint has crossed the line from possible to plausible concerning the allegation that Sobol has not maintained financial records with reasonable accuracy. The allegation that Sobol failed to provide Symonies with his tax return for a single year is not enough to rise to the level of plausibility that the Supreme Court in *Iqbal* and *Twombly* mandated as necessary for a complaint to survive a motion to dismiss. Important to my finding is that there was no motion to compel or other action by Symonies to obtain the allegedly missing information from Sobol. Sobol's records may not be perfect, but there is no allegation in the Amended Complaint that Sobol failed to provide enough information to determine his financial condition. Viewing the allegation in the light most favorable to Symonies, I do not find that a plausible claim for relief has been stated.

I will dismiss Symonies' claim under § 727(a)(3) with leave to amend.

### iii. Section 727(a)(4)

Section 727(a)(4) provides that a debtor's discharge may be denied if the debtor

27

knowingly and fraudulently, in or in connection with the case –

> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money,
> property, or advantage, or a promise of money, property, or
> advantage, for acting or forbearing to act; or
> (D) withheld from an officer of the estate entitled to possession
> under this title, any recorded information, including books,
> documents, records, and papers, relating to the debtor's property or
> financial affairs

11 U.S.C. § 727(a)(4). Section 727(a)(4) requires a showing that the debtor fraudulently committed one of the acts in subsection (A) through (D). Thus, the heightened pleading standard of F.R.C.P. 9(b) applies to the allegations made by Symonies. *In re Aseireh*, 526 B.R. 246, 250 (Bankr. N.D. Ohio 2015). Symonies does not provide under which subsection of § 727(a)(4) that he is proceeding, therefore I will address subsections (A), (B), (C), and (D).

To withstand a motion to dismiss, Symonies' allegations "must (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what made the statements fraudulent." *In re Aseireh*, 526 B.R. at 250. Here Symonies alleges that Sobol "knowingly made a false oath or account of preferential transfers and payments to insiders in that there is no information whatsoever in [Sobol's] Petition and Schedules regarding preferential payments to insiders or transfers of assets to insiders within one year of the filing." Amended Complaint, ¶ 37. The allegation identifies the alleged fraudulent statement as the omission by Sobol on his Petition and Schedules regarding preferential payments to insiders or transfers of assets to insiders within one year of the filing. A debtor's failure to list his assets on his bankruptcy schedules can constitute a false oath for § 727(a)(4). *In re Luby*, 438 B.R. at 833. Sobol is identified as the speaker. When and where

28

the statements were made is alleged as occurring on Sobol's Petition and Schedules. However, what made the statements fraudulent is in question.

The Amended Complaint simply states Sobol failed to list on his Petition and Schedules preferential transfers and payments to insiders. However, the alleged payments and transfers were made by S&S, a separate legal entity under Pennsylvania law. *In re Kitchin*, 445 B.R. at 481. The Amended Complaint again conflates Sobol's assets with those of S&S, although the Amended Complaint itself recognizes the distinction between Sobol and S&S. *See, e.g.*, Amended Complaint ¶¶ 1 & 16-17.

Viewing the alleged facts in the light most favorable to Symonies, the Amended Complaint fails to allege that the assets of Sobol himself were fraudulently omitted from his Petition and Schedules. Symonies has failed to move from pleading the merely possible to the plausible under § 727(a)(4). If Symonies is referring to specific items that should be listed in the Petition, Schedules, or other statements prepared under penalty of perjury, he must identify the specific information he believes is false.

I will dismiss Symonies' § 727(a)(4) claim with leave to amend.

### iv.    Section 727(a)(5)

Discharge can be denied under § 727(a)(5) if the debtor fails to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. § 727(a)(5). There are two elements under § 727(a)(5) that a creditor must establish. *In re Carmell*, 424 B.R. at 418-19. First, that the debtor owned the specified substantial and identifiable assets at one time. *In re Carmell*, 424 B.R. at 418-19; *In re Dizinno*, 532 B.R. at 239. Second, that those assets are no longer available for the creditors. *Id.* If the plaintiff meets this burden, the burden

then shifts to the debtor to provide a satisfactory explanation for the loss. *Id.*

In this case, the Amended Complaint alleges that Sobol violated § 727(a)(5). Then the Amended Complaint makes a conclusory statement which incorporates the allegations asserted under paragraph 35 of Symonies' § 727(a)(3) claim. Amended Complaint, ¶¶ 38-39. Symonies alleges that Sobol failed to explain satisfactorily any loss or deficiency of assets. However, paragraph 35 of the Amended Complaint only relates to the business assets of S&S, except for one alleged failure by Sobol to provide his individual 2012 tax return with proof of extension for 2013.

For example, paragraph 35 states that Symonies requested information "regarding Trailer bought from Symonies and sold to Wabash, including date sold, copy of the Bill of Sale and proof of deposit of proceeds into S&S Specialized Transport, LLC bank account [sic]." Amended Complaint, ¶ 35. This is clearly related to a separate legal entity, not Sobol in his individual capacity. I emphasize that under § 727(a)(5) a creditor must, at the motion to dismiss stage, make factual allegations about which assets are "missing." *In re Dizinno*, 532 B.R. at 239.

I will dismiss with prejudice the § 727(a)(5) claim for failure to state a plausible claim. To state a plausible claim under § 727(a)(5) the loss or deficiency of assets to meet liabilities must have been Sobol's assets. Any additional amendment would be futile because the alleged loss or deficiency of assets that occurred were assets owned by S&S. Thus, any amendment to the Amended Complaint under § 727(a)(5) would be futile.

### v. Section 727(a)(7)

Section 727(a)(7) provides that the court shall grant the debtor a discharge unless:

the debtor has committed any act specified in paragraph (2), (3),

30

(4), (5), or (6) of this subsection, on or within one year before the
date of the filing of the petition, or during the case, in connection
with another case, under this title or under the Bankruptcy Act,
concerning an insider. . . .

11 U.S.C. § 727(a)(7).  Generally, § 727(a)(7) operates to extend the basis for denial of discharge

to the debtor's misconduct in substantially contemporaneous related bankruptcy cases.  *In re*

*Luby*, 438 B.R. at 826.  For instance, if Sobol had engaged in objectionable conduct under §

727(a)(2)-(5) in a bankruptcy case filed by a debtor of which he was an officer, director or

controlling person, then Sobol could be denied a discharge in his own bankruptcy case.  *Id.* at

826-27.

The Amended Complaint contains no allegations that S&S is in bankruptcy and that

Sobol was an officer, director or controlling person of such entity.  At the January 28, 2016,

hearing on the Motion, the parties stipulated that S&S is not in bankruptcy.  Further, I have

already dismissed the claims under § 727(a)(2)-(5).  The only additional allegation that Symonies

makes under § 727(a)(7) is that Sobol "committed various acts detailed above … within one year

before the date of filing of the Petition, concerning an insider."  Amended Complaint, ¶ 41.  This

is a conclusory statement with no supporting factual allegations.  Therefore, I find that the

Amended Complaint fails to state a plausible claim under § 727(a)(7).

I will dismiss with prejudice the claim under § 727(a)(7) for failure to state a plausible

claim.  To state a plausible claim under § 727(a)(7) the debtor must have committed any act

specified in § 727(a)(2)-(6) while acting as an insider in another bankruptcy case.  However,

Symonies stipulated that Sobol's bankruptcy case is the only bankruptcy filing in which Sobol is

involved.  Any additional amendment would be futile because even viewing the factual

31

allegations in the light most favorable to Symonies, there are no other related entity bankruptcy filings. Thus, any amendment to the Amended Complaint under § 727(a)(7) would be futile.

## IV.    Conclusion

For all the above reasons, a Judgment will be entered granting the Motion to Dismiss for failure to state a claim upon which relief can be granted. I will allow Symonies twenty-one days leave to file an amended conforming complaint under § 727(a)(3) & (4). I trust that the Plaintiff, Symonies, and his counsel will carefully consider the above findings and conclusions before filing a second amended complaint.

By the Court,

Date: February 8, 2016

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)